# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SYLVESTER OKPALA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 1:09-cv-01948 (RJW)** |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT DISTRICT OF COLUMBIA'S NEWLY DISCLOSED WITNESSES AND NOTICE OF SETTLEMENT OF THE SECTION 1981 CLAIMS

Comes now Plaintiff, Sylvester Okpala, by and through undersigned counsel, and hereby respectfully submits Plaintiff's Motion in Limine to Exclude Defendant District of Columbia's Newly Disclosed Witnesses and Notice of Settlement of the Section 1981 Claims.

On November 28, 2011, Defendant indicated for the first time that it wanted to add three (3) new witnesses that had not been previously disclosed to Plaintiff during discovery or during any of the extensive proceedings before this Court. Pursuant to Fed. R. Civ. Pro 26 and 37, Plaintiff requests an Order from this Court excluding Defendant's newly disclosed witnesses. The grounds for this motion are more fully set forth in the Memorandum of Law in Support of Plaintiff's Motion in Limine to Exclude Defendant District of Columbia's Newly Disclosed Witnesses. Pursuant to LCvR 7(m) Plaintiff represents that Defendant does not consent to the aforementioned relief sought. A proposed Order is attached.

1

Plaintiff and Defendant have agreed to settle the 1981 claim.  Therefore, subject to this settlement, Plaintiff will not be pursuing the section 1981 claim during retrial.

Respectfully Submitted,

*Counsel for Plaintiff*

_____/s/_____
James L. Kestell
Kestell and Associates
Federal Bar No. 18225
209 Midvale Street
Falls Church, VA 22046-3510
jimkestell@gmail.com
703-237-2912

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SYLVESTER OKPALA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:09-cv-01948 (RJW)** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPOR OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT DISTRICT OF COLUMBIA'S NEWLY DISCLOSED WITNESSES AND NOTICE OF SETTLEMENT OF THE SECTION 1981 CLAIMS

### I.     FACTS AND PROCEDURAL HISTORY

A mistrial of this case because of a hung jury was declared by this Court on November 15, 2011.  On November 28, 2011, a telephonic conference was held between the parties and the Court to discuss re-trial of this case.  During this telephonic conference, Defendant District of Columbia indicated for the first time that it wanted to add three (3) new witnesses that had not been previously disclosed to Plaintiff during discovery or during any of the proceedings before this Court.  On December 1, 2011, this Court Ordered that Plaintiff shall file his brief regarding whether Defendant may add three (3) witnesses, by December 15, 2011.  Plaintiff hereby submits his brief.

On December 1, 2011, this Court also Ordered that "[w]ith respect to whether claims alleging breach of contacts or a violation of section 1981 may be asserted at the retrial", Plaintiff should file his brief on December 15, 2011.  Plaintiff and Defendant have agreed to settle the 1981 claim.  Therefore, subject to this settlement, Plaintiff will not be pursuing the section 1981 claim during the retrial.

## II.     DEFENDANT NEVER DISCLOSED THE WITNESSES

Defendant indicated for the first time on November 28, 2011, after a full trial was held in this case, that there are three (3) new witnesses who have information regarding Mr. Okpala's termination. On September 30, 2010, the Honorable Richard J. Leon Ordered that the Discovery Deadline in this case is December 1, 2010.  *See* docket entry on 09/30/2010, attached hereto as Exhibit A.  Thus, discovery ended more than one (1) year ago and Defendant District of Columbia is still attempting to inject new evidence into this matter.

Since this Court is familiar with this case, it is well aware that there has been negligence, if not willful concealment, from Defendant when it comes to disclosing all relevant evidence to Plaintiff.  In 2010, Plaintiff served Defendant District of Columbia with written interrogatories and requests for production.  Defendant did answer those requests.   However, throughout the course of this litigation, new evidence continues to crop up that Defendant District of Columbia did not disclose to Plaintiff during the discovery phase of this case.  By way of example, this Court was a first-hand witness to Defendant referring to documents during the October 25, 2011 Pretrial hearing which were never disclosed to Plaintiff during the pendency of this case.  Although this Court did admonish Defendant for not disclosing discoverable evidence to Plaintiff, this Court graciously allowed Defendant District of Columbia the opportunity to enter those non-disclosed documents into evidence.  However, despite this Court's admonitions, Defendant's non-disclosure of discoverable evidence continues even today.  Here, even after a trial has already been conducted, Defendant is still attempting to inject new evidence into this case using witnesses which were never disclosed to Plaintiff.

Plaintiff will be prejudiced if this Court continually allows Defendant to modify the evidence in this case.  This Court is aware that Defendant's stated reasons for terminating Plaintiff have shifted throughout the course of this litigation.  If this Court allows the new witnesses, who have never been disclosed to Plaintiff, this Court will allow Defendant the opportunity to once again change its theory

4

for why it terminated Mr. Okpala.  This will cause prejudice to Plaintiff since Defendant will be

permitted to continue to conjure new evidence in this case without prior notice to Plaintiff, and in

violation of the Federal Rules of Civil Procedure.

### III.    THE FRCP MANDATE EXCLUSION OF THE WITNESSES

The Federal Rules of Civil Procedure regard the duty to disclose witnesses with discoverable

information as so important that disclosure is required even if not requested by the other party.

Fed.R.Evid. 26(a).  "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by

the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name

and, if known, the address and telephone number of each individual likely to have discoverable

information—along with the subjects of that information—that the disclosing party may use to support

its claims or defenses, unless the use would be solely for impeachment."  Defendant District of

Columbia never disclosed the existence of witnesses Stephanie Dunbar, Frank Seales or General

Counsel Reese during initial disclosures, discovery or otherwise.  To date, Defendant also has not

provided their address or telephone numbers or any specific information regarding the subject of any

information that each witness may provide, in violation of the Federal Rules of Evidence.

Federal Rule of Civil Procedure 37(c) mandates that the failure to timely disclose witnesses

during discovery results in the exclusion of the witnesses.  FRCP 37(c).  This rule is automatic and self-

executing because the Court must exclude undisclosed evidence even if no motion to compel has been

brought. *See*, e.g. <u>Fulmore v. Home Depot, U.S.A., Inc.</u>, 423 F. Supp. 2D 861, 871-872 (S.D. Ind.

2006).  For example, in excluding evidence that was not disclosed by Defendant, the <u>Fulmore</u> Court

held that

> Rule 37(c) provides in relevant part that a party whom, without substantial
> justification fails to disclose information provided by Rule 26(a) is not,
> unless such failure is harmless, permitted to use such evidence at trial or
> on a motion. Rule 26(a) requires a party to provide to another party, with
> or without a formal discovery request, a copy or description of all

> documents and data compilations in the party's possession that it may use
> to support its claims or defenses, unless such information would be used
> solely for impeachment. [Defendant's] argument that it did not receive a
> request for such information is beside the point. Rule 26(a) requires
> disclosure even without such a request.

Id. at 871.  Rule 37(c) contemplates the exclusion of evidence not disclosed within initial disclosures as

contemplated by Rule 26(a)(1), as well as exclusion of later-discovered evidence which was not

disclosed in supplemental discovery responses required by Rule 26(e). *See* Klonoski v. Mahlab, 156

F.3d 255, 269 (1st Cir. 1998).  *See* also Ghawanmeh v. Islamic Saudi Academy and The Kingdom of

Saudi Arabia, Civil Action Number 09-631, US District Court of the District of Columbia (May 10,

2011) (holding that since the party did not disclose the witnesses during initial disclosures or before the

discovery deadline, that an email that was sent to opposing counsel which named the new witnesses

after the discovery deadline was insufficient, and therefore the witnesses must be excluded).  Defendant

District of Columbia decided not to disclose the witnesses until after a full trial had already been

conducted, and as a result, the witnesses must be excluded.

Defendant cannot call a previously unidentified witness unless its failure to identify the witness

was either substantially justified or harmless.  FRCP 37(c) states that "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless."  *see also* Hoffman v. Constr. Protective Servs., Inc., 541 F.3d

1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence);

Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Ortiz-Lopez v.

Sociedad Española de Auxilio Mutuo, 248 F.3d 29, 33 (1st Cir. 2001); Wilson v. Bradlees of New

England, Inc., 250 F.3d 10, 21 (1st Cir.2001) ( "[T]he party facing sanctions for belated disclosure" has

the obligation "to show that its failure to comply with the Rule was either justified or harmless and

therefore deserving of some lesser sanction."); Ghawanmeh v. Islamic Saudi Academy and The

<u>Kingdom of Saudi Arabia</u>, Civil Action Number 09-631, US District Court of the District of Columbia (May 10, 2011) (a party cannot call a previously unidentified witness unless her failure to identify the witness was either substantially justified or harmless, and where the failure was not substantially justified or harmless, sanctions are mandatory).

Defendant's failure to disclose the new witnesses could not have been "<u>substantially</u> justified". Plaintiff believes that Defendant's new witnesses are employees of Defendant. If the new witnesses are Defendant's employees, Defendant's failure to disclose these witnesses therefore cannot be based on a <u>substantially</u> justified reason, since they had to have been known to Defendant at the outset of the case, and they certainly had to have been known by the close of discovery. Thus, in accordance with FRCP 37(c), Defendant "is not allowed to use that...witness to supply information...at a trial."

Defendant's failure to disclose the new witnesses was not harmless. Plaintiff will be prejudiced if this Court continues to allow Defendant to modify the evidence in this case. This Court is aware that Defendant's reasons for terminating Plaintiff have shifted throughout the course of this litigation. If this Court allows the new witnesses, who had never before been disclosed to Plaintiff, this Court will allow Defendant to once again change its theory for why Mr. Okpala was terminated. This will cause prejudice to Plaintiff since Defendant would be allowed to continue to conjure new evidence in this case, without prior notice to Plaintiff. Furthermore, these witness will have the benefit of being told what all of the other witnesses have testified about during the first trial. Defendant should not be given another opportunity to again shift its reasons for Mr. Okpala's termination.

## IV.    INFORMING THE JURY OF DEFENDANT'S CONTINUAL FAILURE TO PROVIDE PLAINTIFF WITH DISCOVERABLE INFORMATION IS WARRANTED IN THIS CASE

Since mere exclusion of witnesses does not provide an incentive to compel discoverable evidence, this Court may impose additional sanctions on a party who fails to disclose witnesses during

discovery.  Federal Rule of Civil Procedure 37(c) provides that this Court may inform the Jury of the party's failure to disclose the information during discovery.  The Advisory Committee Notes to the 1993 Amendment to Rule 37(c) state that since preclusion of evidence would not be an effective incentive to compel disclosure of discoverable evidence, that the Court is provided with additional power to impose sanctions.  These sanctions include "declaring specified facts to be established, preventing contradictory evidence, or, like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure—that, though not self-executing, can be imposed when found to be warranted after a hearing. The failure to identify a witness or document in a disclosure statement would be admissible under the Federal Rules of Evidence under the same principles that allow a party's interrogatory answers to be offered against it."  *See* Advisory Committee Notes to the 1993 Amendment to FRCP 37(c).  Since this is not the first time that Defendant has attempted to inject new undisclosed discoverable evidence into this case, Plaintiff requests that this Court inform the Jury of Defendants' continual habit of disclosing new evidence only when it suits Defendant's new theory to disclose the evidence.

The Supreme Court has noted that Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction and to deter those who might be tempted to engage in such conduct in the absence of a deterrent. Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).  Following the addition of the exclusionary remedy in Rule 37(c) in the 1993 amendments, courts have given broad effect to the rule. *See, e.g.*, Poulis-Minott, 388 F.3d at 358 (1st Cir. 2004) (noting that the rule clearly contemplates stricter adherence to discovery requirements and harsher sanctions for failure to comply).  The sanction of exclusion is mandatory, unless the nondisclosing party can demonstrate substantial justification for the failure to disclose or can demonstrate that the failure was harmless. *See, e.g.*, Id. (holding that the exclusion of undisclosed evidence is a mandatory sanction); Happel v. Walmart Stores, Inc., 602 F.3d 820 (7th Cir. 2010)

8

(holding that the sanction for failure to comply with expert disclosures is automatic and mandatory exclusion unless the failure was substantially justified or harmless); David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003) (same); Ghawanmeh v. Islamic Saudi Academy and The Kingdom of Saudi Arabia, Civil Action Number 09-631, US District Court of the District of Columbia (May 10, 2011) (holding that a party cannot call a previously unidentified witness unless her failure to identify the witness was either substantially justified or harmless, and where the failure to disclose is not substantially justified or harmless, sanctions are mandatory).  An additional sanction of informing the Jury of Defendant's practice of non-disclosure is warranted in this case as a general deterrent for future litigants to disclose discoverable evidence and as a specific deterrent for the District of Columbia to disclose discoverable evidence when it is a party to litigation with this Court.

Since Defendant's failure to disclose these witnesses can neither be substantially justified and since it is not harmless, this Court is under a duty to impose sanctions.  "Rule 37(c)(1) states that if a party does not make the requisite disclosure, the party is not allowed to use that witness; it admits of no discretion to do anything besides either imposing the sanction of precluding the witness from testifying or imposing one of the sanctions specified in Rule 37(b)(2)(A)(i)-(iv). Fed. R. Civ. Pro. 37(c)(1)(C). One of these sanctions must therefore be imposed..." Ghawanmeh at paragraph 9.  Plaintiff requests that this Court preclude the new witnesses from testifying and inform the Jury of Defendant's continual failure to provide discoverable and relevant information to the Plaintiff regarding the reasons for his termination.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Defendant District of Columbia's Newly Disclosed Witnesses and Notice of Settlement of the Section 1981 Claims.  A proposed Order is attached.

Respectfully Submitted,

*Counsel for Plaintiff*

_____/s/_____
James L. Kestell
Kestell and Associates
Federal Bar No. 18225
209 Midvale Street
Falls Church, VA 22046-3510
jimkestell@gmail.com
703-237-2912

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of December, 2011, I caused a copy of this Plaintiff's

Motion in Limine to Exclude Defendant District of Columbia's Newly Disclosed Witnesses and Notice

of Settlement of the Section 1981 Claims, and exhibit, to be filed electronically through the Court's

CM/ECF system.


                                                           \_\_\_\_\_/s/_____

                                                           James L. Kestell
                                                           Kestell and Associates
                                                           Federal Bar No. 18225
                                                           209 Midvale Street
                                                           Falls Church, VA 22046-3510
                                                           jimkestell@gmail.com
                                                           703-237-2912

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

SYLVESTER OKPALA             )
                             )
        Plaintiff,           )
                             )
    v.                       )        **Civil Action No. 1:09-cv-01948 (RJW)**
                             )
DISTRICT OF COLUMBIA         )
                             )
        Defendant.           )
_____ )

**ORDER**

It is hereby ORDERED and DECREED that upon consideration of Plaintiff's Motion in Limine to Exclude Defendant District of Columbia's Newly Disclosed Witnesses and Notice of Settlement of the Section 1981 Claims, and any response thereto, that said motion in **GRANTED**.

(1) Witnesses Stephanie Dunbar, Frank Seales and General Counsel Reese will not be permitted to testify at trial.

(2) The Jury will be informed of Defendant District of Columbia's continual failure to provide discoverable and relevant information to Plaintiff regarding his termination, the language of which will be decided by this Court at a later date.

_____              _____
Date                               Judge Robert L. Wilkins
                                   District Court Judge